MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
FILOGONIO MIRANDA, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION**<br>**UNDER 29 U.S.C. § 216(b)** |
| BRICKLANE CURRY HOUSE TOO INC. (d/b/a<br>BRICK LANE CURRY HOUSE), BLCH I LLC<br>(d/b/a BRICK LANE CURRY HOUSE), and<br>SATINDER SHARMA, | **ECF Case** |
| *Defendants.* | |

----------------------------------------------------------X

Plaintiff Filogonio Miranda ("Plaintiff Miranda" or "Mr. Miranda"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Bricklane Curry House Too Inc. (d/b/a Brick Lane Curry House), BLCH I LLC (d/b/a Brick Lane Curry House) ("Defendant Corporations") and Satinder Sharma (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      Plaintiff Miranda is a former employee of Defendants Bricklane Curry House Too Inc. (d/b/a Brick Lane Curry House), BLCH I LLC (d/b/a Brick Lane Curry House) and Satinder Sharma.

2.      Brick Lane Curry House is a chain of Indian restaurants owned by Satinder Sharma, the relevant which are/were located at 235 E 53rd St, New York, NY 10022 and at 99 2nd Ave New York, NY 10003.

3.      Upon information and belief, Defendant Satinder Sharma serves or served as owner, manager, principal and/or agent of Defendant Corporations, and through these corporate entities operates or operated the restaurant.

4.      Plaintiff Miranda is a former employee of Defendants.

5.      Plaintiff Miranda was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cleaning the restaurant in the mornings, sweeping and mopping the lobby, wrapping deliveries, washing the dishes, taking out the garbage, stocking deliveries in the kitchen, refilling small cups with dressings (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiff Miranda regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Miranda appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Miranda the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Miranda as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped duties alleged above.

10.     Regardless of duties, Defendants paid Plaintiff Miranda and all other delivery workers at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Miranda's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Miranda's actual duties in payroll records to avoid paying Plaintiff Miranda at the minimum wage rate, and to enable them to pay Plaintiff Miranda at the lower tip-credited rate (which they still failed to do) by designating him as a delivery worker instead of a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Miranda to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Miranda and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Miranda now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Miranda seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Miranda's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Miranda was employed by Defendants in this district.

## PARTIES

*Plaintiff Filogonio Miranda*

19.     Plaintiff Miranda is an adult individual residing in Bronx County, New York.

20.     Plaintiff Miranda was employed by Defendants from approximately May 2009 until on or about May 2015.

21.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Miranda consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all times relevant to this Complaint, Defendants own, operate, and/or control an Indian restaurant formerly located at 235 E 53rd St, New York, NY 10022 and currently located at 99 2nd Ave New York, NY 10003 under the name "Brick Lane Curry House."

23. Upon information and belief, Bricklane Curry House Too Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1664 Third Avenue, New York, New York 10128.

24. Upon information and belief, BLCH I LLC. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 99 2nd Ave, New York, New York 10003.

25. Defendant Satinder Sharma is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Satinder Sharma   is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation.

26. Defendant Satinder Sharma possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation.

27. Defendant Satinder Sharma determined the wages and compensation of the employees of Defendants, including Plaintiff Miranda, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28. Defendants operate an Indian restaurant formerly located at 235 E 53rd St, New York, NY 10022 and currently located at 99 2nd Ave New York, NY 10003 under the name "Brick Lane Curry House".

29.      Individual Defendant Satinder Sharma possesses operational control over defendant Corporations, possesses an ownership interest in defendant Corporations, and controls significant functions of defendant Corporations.

30.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

31.      Each Defendant possessed substantial control over Plaintiff Miranda's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Miranda, and all similarly situated individuals, referred to herein.

32.      Defendants jointly employed Plaintiff Miranda, and all similarly situated individuals, and are Plaintiff Miranda's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.      In the alternative, Defendants constitute a single employer of Plaintiff Miranda and/or similarly situated individuals.

34.      Upon information and belief, individual defendant Satinder Sharma operates Defendant Corporations as either alter egos of himself and/or fails to operate defendant Corporations as  legal entities separate and apart from himself by, among other things:

(a)      failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  separate and legally distinct entities;

(b)      defectively forming or maintaining defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)      transferring assets and debts freely as between all Defendants;

6

(d)     operating defendant Corporations for his own benefit as the sole or majority shareholder;

(e)     operating defendant Corporations for his own benefit and maintaining control over them as  closed corporations or closely controlled entities;

(f)     intermingling assets and debts of his own with defendant Corporations;

(g)     diminishing and/or transferring assets of defendant Corporations to protect his own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff Miranda's employers within the meaning of the FLSA and NYLL.

36.     Defendants had the power to hire and fire Plaintiff Miranda, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Miranda's services.

37.     In each year from 2011 to 2015, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Indian restaurant on a daily basis, such as meat and lettuce, were produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Miranda is a former employee of Defendants ostensibly employed as a delivery worker, but who spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

40.     Plaintiff Miranda seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Filogonio Miranda*

41.     Plaintiff Miranda was employed by Defendants from approximately May 2009 until on or about May 2015.

42.     At all relevant times, Plaintiff Miranda was ostensibly employed by Defendants as a delivery worker.

43.     However, Plaintiff Miranda spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

44.     Plaintiff Miranda regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

45.     Plaintiff Miranda's work duties required neither discretion nor independent judgment.

46.     Throughout his employment with Defendants, Plaintiff Miranda regularly worked in excess of 40 hours per week.

47.     From approximately October 2011 until on or about May 2015, Plaintiff Miranda worked from approximately 10:30 a.m. until on or about 11:00 p.m. Tuesdays through Thursdays (with 2 hour breaks) and from approximately 10:30 a.m. until on or about 1:00 a.m. Fridays and Saturdays (with 2 hour breaks) (typically 54.5 hours per week).

48.     Throughout his employment with Defendants, Plaintiff Miranda was paid his wages in cash.

49.     From approximately October 2011 until on or about December 2012, defendants paid Plaintiff Miranda a fixed salary of $270 per week.

50.     From approximately January 2013 until on or about May 2015, Defendants paid Plaintiff Miranda a fixed salary of $350 per week.

51.     Defendants failed to pay Plaintiff Miranda in a timely fashion, resulting in him being owed his pay for four days of work.

52.     Plaintiff Miranda was never notified by Defendants that his tips would be included as an offset for wages.

53.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Miranda's wages.

54.     Defendants did not provide Plaintiff Miranda with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

55.     Plaintiff Miranda was not required to keep track of his time, nor to his knowledge did defendants utilize any time tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

56.     Defendants never provided Plaintiff Miranda with a written notice, in English and in Spanish (Plaintiff Miranda's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Miranda regarding overtime and wages under the FLSA and NYLL.

58.     Defendants required Plaintiff Miranda to purchase "tools of the trade" with his own funds—including a bicycle.

*Defendants' General Employment Practices*

59.     Defendants regularly required Plaintiff Miranda to work in excess of forty (40) hours per week without paying him the proper minimum wage, spread of hours pay, and overtime compensation.

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Miranda (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

61.     At no time did Defendants inform their employees, including Plaintiff Miranda, that they had reduced their hourly wages by a tip allowance.

62.     Defendants failed to inform Plaintiff Miranda that his tips would be credited towards the payment of the minimum wage.

63.     Defendants failed to maintain a record of tips earned by Plaintiff Miranda for the deliveries he made to customers.

64.     Defendants required all delivery workers, including Plaintiff Miranda, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

65.     Plaintiff Miranda, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

10

66.     Plaintiff Miranda and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip-credit because the delivery workers' and Plaintiff Miranda's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

67.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip-credit for any employee's time if that time is devoted to a non-tipped occupation.

68.     The delivery workers', including Plaintiff Miranda's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general Indian restaurant work with duties, including the non-tipped duties described above.

69.     In violation of federal and state law as codified above, Defendants classified Plaintiff Miranda and other delivery workers as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

70.     Plaintiff Miranda was paid his wages entirely in cash.

71.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

72.     Defendants failed to pay Plaintiff Miranda in a timely fashion.

73.     Upon information and belief, these practices were done to disguise the actual number of hours Plaintiff Miranda, and similarly situated employees, worked and to avoid paying

them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

74.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Miranda, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Miranda's, relative lack of sophistication in wage and hour laws.

75.     Defendants failed to provide Plaintiff Miranda and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

76.     Defendants failed to provide Plaintiff Miranda and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

77.     Plaintiff Miranda brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

78.     At all relevant times, Plaintiff Miranda, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

79.     The claims of Plaintiff Miranda stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

80.     Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Miranda's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Miranda (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

82.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

84.     Defendants failed to pay Plaintiff Miranda (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

85.     Defendants' failure to pay Plaintiff Miranda (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff Miranda (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA OVERTIME PROVISIONS

87.     Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiff Miranda's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Miranda (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

89.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

91.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Miranda (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

92.     Defendants' failure to pay Plaintiff Miranda (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Miranda (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

94.     Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Miranda's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Miranda (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Miranda (and the FLSA Class members) less than the minimum wage.

97.     Defendants' failure to pay Plaintiff Miranda (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Miranda (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE

## NEW YORK STATE LABOR LAW

99.     Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Miranda overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

101.    Defendants' failure to pay Plaintiff Miranda overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff Miranda was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMISSIONER OF LABOR

103.    Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to pay Plaintiff Miranda one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Miranda's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

105.    Defendants' failure to pay Plaintiff Miranda an additional hour's pay for each day Plaintiff Miranda's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106.    Plaintiff Miranda was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

107.    Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to provide Plaintiff Miranda with a written notice, in English and in Spanish (Plaintiff Miranda's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

109.    Defendants are liable to Plaintiff Miranda in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

110.    Plaintiff Miranda repeats and re-alleges all paragraphs above as though set forth fully herein.

111.    Defendants did not provide Plaintiff Miranda with a statement of wages with each payment of wages, as required by NYLL 195(3).

112.    Defendants are liable to Plaintiff Miranda in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

113.    Plaintiff Miranda repeats and re-alleges all paragraphs above as though set forth fully herein.

114.    Defendants required Plaintiff Miranda to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as a bicycle, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

115.    Plaintiff Miranda was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Miranda respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Miranda and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Miranda and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Miranda's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Miranda and the FLSA class members;

(f)     Awarding Plaintiff Miranda and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Miranda and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Miranda  and the FLSA Class members;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Miranda and the FLSA Class members;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Miranda and the members of the FLSA Class;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Miranda's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Miranda and the FLSA Class members;

(m)     Awarding Plaintiff Miranda  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff Miranda  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Miranda damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Miranda damages for Defendants' failure to pay him in a timely fashion, as required by NYLL § 191;

(q)     Awarding Plaintiff Miranda and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Miranda and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiff Miranda demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      October 17, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ Michael Faillace
By:    Michael A. Faillace [MF-8436]
      60 East 42nd Street, Suite 4510
      New York, New York 10165
      (212) 317-1200
      *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 16, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Filogonio Miranda

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     16 de octubre de 2017

*Certified as a minority-owned business in the State of New York*