**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X
FILOGONIO MIRANDA, INDIVIDUALLY AND
ON BEHALF OF OTHERS SIMILARLY SITUATED,

                     *Plaintiff*,

   --against --

BRICKLANE CURRY HOUSE TOO INC. (D/B/A
BRICKLANE CURRY HOUSE), BLCH I LLC
(D/B/A BRICK LANE CURRY HOUSE), AND
SATINDER SHARMA,

                    *Defendants*.
---------------------------------------------------X

17 Civ. 07997 (GBD)

MEMORANDUM OF LAW IN SUPPORT OF THE
DEFENDANTS' MOTION TO DISMISS

Defendants Bricklane Curry House Too Inc., BLCH I LLC, and Satinder Sharma, submit this memorandum of law in support to their motion to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As explained below, Plaintiff has not alleged any facts that show any of these defendants were his "joint employers" as the term is used by the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").

**I.      Plaintiffs Must Plead Factual Allegations that Give Rise to a Plausible Claim**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations that, accepted as true, are sufficient "to state a claim to relief that is plausible on its face"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted)).

When considering a motion to dismiss under Rule 12(b)(6), a court should "draw all reasonable inferences in [the plaintiffs'] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quotation marks and citation omitted) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009))., "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Thus, to assess whether a complaint states a plausible claim of relief, a court (1) first identifies the well-pleaded factual allegations by discarding the pleadings that are no more than conclusions and (2) then determines whether the remaining well-pleaded factual allegations plausibly give rise to an entitlement of relief.  *See id.*

1

## II.   Definition of Employer Under FLSA and NYLL

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  An individual may simultaneously have multiple "employers" for the purposes of the FLSA, in which event, "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA]." 29 C.F.R. § 791.2(a).

"[W]hether an employer-employee relationship exists for purposes of the FLSA should be grounded in `economic reality rather than technical concepts.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)). Courts determine whether defendants are plaintiffs' joint employers based on "the circumstances of the whole activity," *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947), viewed in light of "economic reality," *Goldberg*, 366 U.S. at 33. That is, employment is "to be determined on a case-by-case basis by review of the totality of the circumstances." Barfield, 537 F.3d at 141-42.

"When it comes to 'employer' status under the FLSA, control is key." *Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511, 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012); *see also Herman*, 172 F.3d at 135 ("[C]ontrol of employees is central to deciding whether appellant should be deemed an employer."). In assessing economic reality, the Second Circuit has articulated two tests for evaluating whether an employment relationship existed for the purposes of the FLSA: one relating to formal control and the other to functional control.

The formal control test inquires "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment

records." *Carter*, 735 F.2d at 12 (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

The functional control test relies upon a number of factors pertinent to determining whether a person or entity, even if lacking formal control, exercised "functional control" over an employee. In *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71-72 (2d Cir. 2003), which involved an employer and its subcontractors, the Circuit identified the following non-exclusive factors:

> (1) whether [the alleged employers'] premises and equipment were used for the plaintiffs' work; (2) whether the [subcontractors] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line job that was integral to [the alleged employers'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the alleged employers] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the alleged employers].

*Id.*

The standard for employer status under NYLL is nearly identical to that of the FLSA. Compare NYLL § 190(3) ("'Employer' includes any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."), with 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."). Courts in this District regularly apply the same tests to determine whether entities are joint employers under the NYLL and the FLSA. *See, e.g., Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n. 13 (S.D.N.Y. 2010); ˆGlatt v. Fox Searchlight Pictures Inc.*, 293 F.R.D. 516, 526-27 (S.D.N.Y. 2013) (collecting cases); *Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013)) ("To be sure, the New York Court of Appeals has not yet resolved whether NYLL's standard for employer status is coextensive with the FLSA's, but there is no case law to the contrary.").

### III.    Plaintiffs' Allegations Are Insufficient

Plaintiff alleges that he was the former employee of one individual and two business entities (one LLC and one corporation) who all worked together as his "joint employer" Compl. ¶¶1, 28-38.  Indeed, Plaintiff seeks to bring a collective action, thus alleging that this individual and these two entities were the joint employers of numerous other similarly situated individuals.

But there are no well-pleaded factual allegations to support these claims.  Plaintiff offers labels, conclusions and a formulaic recitation of the elements of his purported causes of action.  Courts have held that such allegations are insufficient to plausibly show that a group of defendants (in this case, a single individual, one LLC and one corporation) were the joint employers of plaintiff for purposes of the FLSA or NYLL.  See *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012).  Courts reject claims that "lump [multiple defendants] together as one in the allegations."  *Bravo v. Eastpoint Int'l, Inc.*, No. 99 Civ. 9474, 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001).

Merely reciting the elements of a joint employer arrangement—which is what Plaintiff does here—is insufficient to plausibly allege joint employer status.  *See Cannon v. Douglas Elliman, LLC*, No. 06 Civ. 7092 (NRB), 2007 WL 4358456, at *5 (S.D.N.Y. Dec. 10, 2007)). "Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees." *Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511, 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012).

Moreover, there is not a single fact alleged that would allow this Court to "to plausibly infer" that Mr. Sharma exercised formal or operational control over plaintiffs' employment conditions. *See Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 01848, 2010 WL

4

3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (dismissing FLSA claims against defendants which plaintiffs did not allege had "any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their work hours, or maintaining employment records").

The failure to plead any facts that could give rise to a plausible claim that Mr. Sharma was Plaintiff's employer is particularly glaring given that the same counsel for Plaintiff has sued him multiple times and recently had a trial in which he was determine to *not* be the Plaintiffs' employer under the FLSA and NYLL. In *Tapia v. Blch 3rd Ave. LLC*, No. 14 Civ. 8529 (AJN), 2016 WL 4581341 (S.D.N.Y. Sept. 1, 2016), District Judge Allison Nathan held that:

> [Mr.] Sharma did not exercise operational control over Plaintiffs, and thus was not their employer. He did not hire and fire employees. He was not involved in setting schedules or other conditions of employment. For instance, there is no evidence that Sharma was involved in disciplining employees or monitoring attendance. He was not involved in setting compensation or making payments. Nor was he directly responsible for maintaining employment records, though he did review them at the end of each week . . . . The Court is persuaded by these authorities, and determines that Sharma's role in reviewing payment records is not sufficient to change the outcome of this analysis. Plaintiffs have therefore failed to show by a preponderance of the evidence that Sharma was their employer within the meaning of the FLSA and NYLL.

*Id.* at *5 (citations omitted). After conducting discovery multiple times in various cases, and now having had a bench trial before Judge Nathan, counsel for Plaintiff in this case should well aware of the role the Mr. Sharma has with respect to his restaurants.

If Plaintiff is unable to allege facts that give rise to a plausible claim that Mr. Sharma is an employer, or that two business entities are operating so as to be a joint employer, the complaint should be dismissed.

5

### IV. Conclusion

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff has failed to allege any facts – as opposed to bald legal conclusions – with respect to the Defendants. For this reason, the claims against the Defendants should be dismissed.

Date:   November 19, 2017

Respectfully submitted,

/s/ *Brian Lehman*
Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, NY 10001
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2017, I electronically filed the foregoing with the Clerk of the Court for the Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Brian Lehman*