MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
FILOGONIO MIRANDA, *individually,*

<table>
<tr><td style="padding-left:3em"><em>Plaintiff,</em></td><td><strong>FIRST AMENDED</strong><br><strong>COMPLAINT</strong></td></tr>
<tr><td style="padding-left:2em">-against-</td><td><strong>ECF Case</strong></td></tr>
</table>

BRICKLANE CURRY HOUSE TOO INC. (d/b/a
BRICK LANE CURRY HOUSE), BLCH I LLC
(d/b/a BRICK LANE CURRY HOUSE), and
SATINDER SHARMA,

<em>Defendants.</em>

---------------------------------------------------------X

     Plaintiff Filogonio Miranda ("Plaintiff Miranda" or "Mr. Miranda"), individually, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Bricklane Curry House Too Inc. (d/b/a Brick Lane Curry House), BLCH I LLC (d/b/a Brick Lane Curry House) ("Defendant Corporations") and Satinder Sharma (collectively, "Defendants"), alleges as follows:

<h2 style="text-align:center"><u>NATURE OF ACTION</u></h2>

     1.    Plaintiff Miranda is a former employee of Defendants Bricklane Curry House Too Inc. (d/b/a Brick Lane Curry House), BLCH I LLC (d/b/a Brick Lane Curry House) and Satinder Sharma.

     2.    Brick Lane Curry House is a chain of Indian restaurants owned by Satinder Sharma, the relevant which are/were located at 235 E 53rd St, New York, NY 10022 and at 99 2nd Ave New York, NY 10003.

3.      Upon information and belief, Defendant Satinder Sharma serves or served as owner, manager, principal and/or agent of Defendant Corporations, and through these corporate entities operates or operated the restaurants.

4.      Plaintiff Miranda is a former employee of Defendants.

5.      Plaintiff Miranda was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cleaning the restaurant in the mornings, sweeping and mopping the lobby, wrapping deliveries, washing the dishes, taking out the garbage, stocking deliveries in the kitchen, refilling small cups with dressings (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiff Miranda regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Miranda appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Miranda the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Miranda as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped duties alleged above.

10.     Regardless of duties, Defendants paid Plaintiff Miranda at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Miranda's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Miranda's actual duties in payroll records to avoid paying Plaintiff Miranda at the minimum wage rate, and to enable them to pay Plaintiff Miranda at the lower tip-credited rate (which they still failed to do) by designating him as a delivery worker instead of a non-tipped employee.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Miranda to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiff Miranda now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Miranda's state law claims is conferred by 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Miranda was employed by Defendants in this district.

## PARTIES

### *Plaintiff Filogonio Miranda*

17.     Plaintiff Miranda is an adult individual residing in Bronx County, New York.

18.     Plaintiff Miranda was employed by Defendants from approximately May 2009 until on or about May 2015.

19.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Miranda consents to being a party.

### *Defendants*

20.     At all times relevant to this Complaint, Defendants own, operate, and/or control an Indian restaurant formerly located at 235 E 53rd St, New York, NY 10022 and one currently located at 99 2nd Ave New York, NY 10003 under the name "Brick Lane Curry House."

21.     Upon information and belief, Bricklane Curry House Too Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1664 Third Avenue, New York, New York 10128.

22.     Upon information and belief, BLCH I LLC. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 99 2nd Ave, New York, New York 10003.

23.     Defendant Satinder Sharma is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Satinder Sharma   is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporations.

24.     Defendant Satinder Sharma possesses or possessed operational control over defendant Corporations, an ownership interest in defendant Corporations and/or controlled significant functions of defendant Corporations.

25.     Defendant Satinder Sharma determined the wages and compensation of the employees of Defendant Corporations, including Plaintiff Miranda, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees. Defendants Satinder Sharma was frequently present at the Defendant Corporations' Brick Lane Curry House locations, and gave commands to Brick Lane Curry employees therein, including Plaintiff Miranda. Defendant Sharma would also require Plaintiff Miranda to watch over his car as part of his duties at Brick Lane Curry House.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate an Indian restaurant formerly located at 235 E 53rd St, New York, NY 10022 and currently located at 99 2nd Ave New York, NY 10003 under the name "Brick Lane Curry House".

27.      Individual Defendant Satinder Sharma possesses operational control over defendant Corporations, possesses an ownership interest in defendant Corporations, and controls significant functions of defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Miranda's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Miranda, referred to herein.

30.     Defendants jointly employed Plaintiff Miranda and are Plaintiff Miranda's employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Miranda.

32.     Plaintiff Miranda was required to work at both of Defendants' Brick Lane Curry House locations at points in his employment with Defendants and instructed to attend both locations by the same managers to perform the same job. As further detailed *infra*, Plaintiff Miranda was paid the same fixed salary by the same individuals for his work at both Brick Lane Curry House locations.

33.     Upon information and belief, individual defendant Satinder Sharma operates Defendant Corporations as either alter egos of himself and/or fails to operate defendant Corporations as  legal entities separate and apart from himself by, among other things:

    (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  separate and legally distinct entities;

    (b)     defectively forming or maintaining defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c)     transferring assets and debts freely as between all Defendants;

    (d)     operating defendant Corporations for his own benefit as the sole or majority shareholder;

(e)     operating defendant Corporations for his own benefit and maintaining control over them as closed corporations or closely controlled entities;

(f)     intermingling assets and debts of his own with defendant Corporations;

(g)     diminishing and/or transferring assets of defendant Corporations to protect his own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Miranda's employers within the meaning of the FLSA and NYLL.

35.     Defendants had the power to hire and fire Plaintiff Miranda, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Miranda's services.

36.     In each year from 2011 to 2015, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Indian restaurant on a daily basis, such as meat and lettuce, were produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Miranda is a former employee of Defendants who was ostensibly employed as a delivery worker, but who spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

*Plaintiff Filogonio Miranda*

39.     Plaintiff Miranda was employed by Defendants from approximately May 2009 until on or about May 2015.

40.     At all relevant times, Plaintiff Miranda was ostensibly employed by Defendants as a delivery worker.

41.     However, Plaintiff Miranda spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

42.     Plaintiff Miranda regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

43.     Plaintiff Miranda's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Miranda regularly worked in excess of 40 hours per week.

45.     From approximately October 2011 until on or about May 2015, Plaintiff Miranda worked from approximately 10:30 a.m. until on or about 11:00 p.m. Tuesdays through Thursdays (with 2 hour breaks) and from approximately 10:30 a.m. until on or about 1:00 a.m. Fridays and Saturdays (with 2 hour breaks) (typically 54.5 hours per week).

46.     Throughout his employment with Defendants, Plaintiff Miranda was paid his wages in cash.

47.     From approximately October 2011 until on or about December 2012, defendants paid Plaintiff Miranda a fixed salary of $270 per week.

48.     From approximately January 2013 until on or about May 2015, Defendants paid Plaintiff Miranda a fixed salary of $350 per week.

49.     Defendants failed to pay Plaintiff Miranda in a timely fashion, resulting in him being owed his pay for four days of work.

50.     Plaintiff Miranda was never notified by Defendants that his tips would be included as an offset for wages.

51.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Miranda's wages.

52.     Defendants did not provide Plaintiff Miranda with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

53.     Plaintiff Miranda was not required to keep track of his time, nor to his knowledge did defendants utilize any time tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

54.     Defendants never provided Plaintiff Miranda with a written notice, in English and in Spanish (Plaintiff Miranda's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Miranda regarding overtime and wages under the FLSA and NYLL.

56.     Defendants required Plaintiff Miranda to purchase "tools of the trade" with his own funds—including a bicycle.

*Defendants' General Employment Practices*

57.     Defendants regularly required Plaintiff Miranda to work in excess of forty (40) hours per week without paying him the proper minimum wage, spread of hours pay, and overtime compensation.

58.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Miranda to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

59.     At no time did Defendants inform Plaintiff Miranda, that they had reduced his hourly wages by a tip allowance.

60.     Defendants failed to inform Plaintiff Miranda that his tips would be credited towards the payment of the minimum wage.

61.     Defendants failed to maintain a record of tips earned by Plaintiff Miranda for the deliveries he made to customers.

62.     Defendants required Plaintiff Miranda, to perform general non-delivery, non-tipped restaurant tasks in addition to his primary duties as delivery worker.

63.     Plaintiff Miranda was ostensibly employed as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

64.     Plaintiff Miranda was not even paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip-credit because Plaintiff Miranda's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

65.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip-credit for any employee's time if that time is devoted to a non-tipped occupation.

66.     Plaintiff Miranda's duties were not incidental to his occupation as delivery worker, but instead constituted entirely unrelated general Indian restaurant work with duties, including the non-tipped duties described above.

67.     In violation of federal and state law as codified above, Defendants classified Plaintiff Miranda as a tipped employee but did not even pay him at the tip-credited rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

68.     Plaintiff Miranda was paid his wages entirely in cash.

69.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

70.     Defendants failed to pay Plaintiff Miranda in a timely fashion.

71.     Upon information and belief, these practices was done to disguise the actual number of hours Plaintiff Miranda worked and to avoid paying him properly for his (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

72.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Miranda, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Miranda's, relative lack of sophistication in wage and hour laws.

73.     Defendants failed to provide Plaintiff Miranda with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages;

deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     Defendants failed to provide Plaintiff Miranda, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in Spanish,  Plaintiff Miranda's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

75.     Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Miranda's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Miranda, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

77.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

79.     Defendants failed to pay Plaintiff Miranda  at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80.     Defendants' failure to pay Plaintiff Miranda  at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Miranda  was damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

82.     Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff Miranda's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Miranda, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

84.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

86.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Miranda  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

87.     Defendants' failure to pay Plaintiff Miranda overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Miranda was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

89.     Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Miranda's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Miranda, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Miranda  less than the minimum wage.

97.     Defendants' failure to pay Plaintiff Miranda  minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Miranda was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE

### NEW YORK STATE LABOR LAW

99.     Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

100.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Miranda overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

101.    Defendants' failure to pay Plaintiff Miranda overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff Miranda was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMISSIONER OF LABOR

103.    Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to pay Plaintiff Miranda one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Miranda's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

105.    Defendants' failure to pay Plaintiff Miranda an additional hour's pay for each day Plaintiff Miranda's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106.    Plaintiff Miranda was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

107.    Plaintiff Miranda repeats and re-alleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to provide Plaintiff Miranda with a written notice, in English and in Spanish (Plaintiff Miranda's primary language), of his rate of pay, regular pay day, and such other

information as required by NYLL §195(1).

109.    Defendants are liable to Plaintiff Miranda in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

110.    Plaintiff Miranda repeats and re-alleges all paragraphs above as though set forth fully herein.

111.    Defendants did not provide Plaintiff Miranda with a statement of wages with each payment of wages, as required by NYLL 195(3).

112.    Defendants are liable to Plaintiff Miranda in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

113.    Plaintiff Miranda repeats and re-alleges all paragraphs above as though set forth fully herein.

114.    Defendants required Plaintiff Miranda to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as a bicycle, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

115.    Plaintiff Miranda was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### (VIOLATION OF THE TIMELY PAYMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

116.     Plaintiff Miranda repeat and reallege all paragraphs above as though set forth fully herein.

117.     Defendants did not pay Plaintiff Miranda on a regular weekly basis, in violation of NYLL §191.

118.     Defendants are liable to Plaintiff Miranda in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Miranda respectfully request that this Court enter judgment against Defendants by:

(a)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Miranda ;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Miranda ;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Miranda's, compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Miranda;

(e)     Awarding Plaintiff Miranda damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)     Awarding Plaintiff Miranda  liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper

deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Miranda ;

(h)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Miranda;

(i)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Miranda;

(j)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Miranda;

(k)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Miranda's, ', compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law was willful as to Plaintiff Miranda;

(m)    Awarding Plaintiff Miranda damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiff Miranda liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)    Awarding Plaintiff Miranda damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Miranda damages for Defendants' failure to pay him in a timely fashion, as required by NYLL § 191;

(q)     Awarding Plaintiff Miranda  pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Miranda  the expenses incurred in this action, including costs and attorney's fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Miranda demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      December 11, 2017

                MICHAEL FAILLACE & ASSOCIATES, P.C.

                   /s/ Michael Faillace
By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*