UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
FILOGONIO MIRANDA,

                       *Plaintiff*,

   --against --

BRICKLANE CURRY HOUSE TOO INC. (D/B/A
BRICKLANE CURRY HOUSE), BLCH I LLC
(D/B/A BRICK LANE CURRY HOUSE), AND
SATINDER SHARMA,

                     *Defendants*.
-------------------------------------------------X

17 Civ. 07997 (GBD)

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT

Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, NY 10001
*Attorney for Defendants*

Defendants Bricklane Curry House Too Inc., BLCH I LLC, and Satinder Sharma, submit this memorandum of law in support of their motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"). There are no factual allegations in the Amended Complaint that give rise to the plausible claim that the Defendants – two companies and one individual person – are either a "joint employer" or a "single employer" of Plaintiff.

**I.   THE FACTUAL ALLEGATIONS MUST GIVE RISE TO PLAUSIBLE CLAIMS**

When considering a motion to dismiss under Rule 12(b)(6), a court should "draw all reasonable inferences in [the plaintiffs'] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Thus, to assess whether a complaint states a plausible claim of relief, a court (1) first identifies the well-pleaded factual allegations by discarding the pleadings that are no more than conclusions and (2) then determines whether the remaining well-pleaded factual allegations plausibly give rise to an entitlement of relief. *See id.* Both the FLSA and the NYLL require more than vague legal conclusion to survive a Rule] 12(b)(6) motion. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Dejesus v. HF Mgmt. Serv., LLC*, 726 F. 3d 85, 89-90 (2d Cir. 2013) (*Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012));

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014).[1]

**II.   PROCEDURAL BACKGROUND**

On October 17, 2017, Plaintiff Filogonio Miranda filed a complaint on his own behalf and on behalf of other employees alleged to be similarly situated (CM/ECF No. 1). The initial complaint alleged that Plaintiff was the employee of two separate companies (one corporation and one LLC) that were part of a "chain" of Indian restaurants owned by the Individual Defendant. Plaintiff alleged that he typically worked a total of 54.5 hours per week for these two corporations.

Plaintiff's two federal claims allege that these defendants failed to pay him (1) minimum wage and (2) overtime wages.[2] Defendants moved to dismiss Plaintiff's complaint on the ground that Plaintiff failed to allege any facts that would support a plausible claim that they were Plaintiff's joint employers rather than two separate corporations owned by an individual. In response, Plaintiff filed an Amended Complaint (CM/ECF No. 29).

A comparison of the two complaints (Exhibit A & B[3]) shows that there are two primary differences between the initial and amended complaint: *First*, Plaintiff has changed the complaint from a collective action to an individual action, removing any allegations pertaining to other employees in his complaint. *See* Exhibit A (red highlighting indicating allegations removed

---

[1] *Lundy*, *Dejesus* and *Nakahata* are the leading cases in the Second Circuit in the context of the pleading standard for FLSA complaints. *See Landers v. Quality Communications, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) (surveying and summarizing case law including the Second Circuit and affirming dismissal of the complaint).

[2] Plaintiff also alleged that the court had supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's remaining six state law claims.

[3] Exhibits A & B are attached to the Declaration of Brian Lehman dated January 1, 2018.

from initial complaint). *Second*, Plaintiff has added two new paragraphs of allegations. *See* Exhibit B (green highlighting indicating allegations added to initial complaint).

Paragraph 25 of the Amended Complaint alleges: "Defendants Satinder Sharma was frequently present at the Defendant Corporations' Brick Lane Curry House locations, and gave commands to Brick Lane Curry employees therein, including Plaintiff Miranda. Defendant Sharma would also require Plaintiff Miranda to watch over his car as part of his duties at Brick Lane Curry House." Am. Compl. ¶ 25.

Paragraph 32 of the Amended Complaint (which must be read in conjunction with paragraph 31) alleges:

> 31. In the alternative, Defendants constitute a single employer of Plaintiff Miranda.
>
> 32. Plaintiff Miranda was required to work at both of Defendants' Brick Lane Curry House locations at points in his employment with Defendants and instructed to attend both locations by the same managers to perform the same job. As further detailed infra, Plaintiff Miranda was paid the same fixed salary by the same individuals for his work at both Brick Lane Curry House locations.

Am. Compl. ¶¶ 31-32.[4]

Defendants now move for the Amended Complaint to be dismissed under Rule 12(b)(6) of the Federal Rules as it still does not allege facts that give rise to the plausible claim that the Defendants – two corporation and one individual person – are either a "joint employer" or a "single employer" of Plaintiff.

---

[4] Plaintiff has added a ninth claim under state law under paragraphs 116-119 of the Amended Complaint alleging that Defendants did not pay him on a regularly weekly basis in violation of New York Labor Law.

3

### III. PLAINTIFF'S COMPLAINT DOES NOT ALLEGE WELL-PLEADED FACTS TO SUPPORT CLAIM THAT DEFENDANTS "JOINTLY EMPLOYED" PLAINTIFF

The Amended Complaint does not state a claim for relief because Plaintiff does not allege well-pleaded facts that allow this Court to infer that the two companies and individual owner are "joint employers" of Plaintiff.

In *Pruell*, the case cited by the Second Circuit in *Dejesus*, the First Circuit considered the sufficiency of the plaintiffs' statements that that they "'regularly worked' over 40 hours a week and were not compensated for such time." *Id.* at 12. The *Pruell* court described such allegations as consisting of "borderline phrases," which were "so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Id.* at 13. The court held that "the quoted language is little more than a paraphrase of the statute," *id.*, and affirmed the district court's dismissal of the complaint for failure to state a claim. *Id.* at 15; *see also Serrano v. I. Hardware Distribs., Inc.*, No. 14 Civ. 2488, 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015) (quoting *DeJesus*, 726 F.3d at 89-90).

This Court faces the same situation because Plaintiff's allegations are nothing more than a paraphrase of the statute or the elements of the claims that Plaintiff must ultimately prove. Paragraphs 26-30 contain Plaintiff's allegations under the heading "*Defendants Constitute Joint Employers*."

> 26. Defendants operate an Indian restaurant formerly located at 235 E 53rd St, New York, NY 10022 and currently located at 99 2nd Ave New York, NY 10003 under the name "Brick Lane Curry House".
>
> 27. Individual Defendant Satinder Sharma possesses operational control over defendant Corporations, possesses an ownership interest in defendant Corporations, and controls significant functions of defendant Corporations.
>
> 28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

4

> 29.     Each Defendant possessed substantial control over Plaintiff Miranda's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Miranda, referred to herein.
>
> 30. Defendants jointly employed Plaintiff Miranda and are Plaintiff Miranda's employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

Am. Compl. ¶¶ 26-30. For example, there are no facts in paragraph 29 to support the legal conclusion that "Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees." Am. Compl. ¶ 29.

Merely reciting the elements of a joint employer arrangement—which is what Plaintiff does here—is insufficient to plausibly allege joint employer status. *See Cannon v. Douglas Elliman, LLC*, No. 06 Civ. 7092 (NRB), 2007 WL 4358456, at *5 (S.D.N.Y. Dec. 10, 2007)). "Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees." *Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511, 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012).

Plaintiff has merely pled the elements of one of the two joint employer tests without factual allegations. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008).[5] "When it comes to 'employer' status under the FLSA, control is key." *Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511, 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012); *see also Herman*, 172 F.3d at 135 ("[C]ontrol of employees is central to deciding whether appellant should be deemed an employer."). In assessing economic reality, the Second Circuit has

---

[5] The standard for employer status under NYLL is nearly identical to that of the FLSA and courts in this District apply the same tests to determine whether entities are joint employers under the NYLL and the FLSA. *See, e.g., Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n. 13 (S.D.N.Y. 2010); Glatt v. *Fox Searchlight Pictures Inc.*, 293 F.R.D. 516, 526-27 (S.D.N.Y. 2013) (collecting cases); *Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013)) ("To be sure, the New York Court of Appeals has not yet resolved whether NYLL's standard for employer status is coextensive with the FLSA's, but there is no case law to the contrary.").

articulated two tests for evaluating whether an employment relationship existed for the purposes of the FLSA: (1) one relating to formal control and (2) one relating to functional control.

The formal control test inquires "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12 (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

The elements of the formal control test are alleged in conclusory fashion in paragraph 35: "Defendants had the power to hire and fire Plaintiff Miranda, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Miranda's services." Am. Compl. ¶ 35. There are no factual allegations to support this allegation.

The functional control test relies upon a number of factors pertinent to determining whether a person or entity, even if lacking formal control, exercised "functional control" over an employee. In *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71-72 (2d Cir. 2003), which involved an employer and its subcontractors, the Second Circuit identified six non-exclusive factors. Plaintiff, however, does not even allege the elements of the functional control test – much less facts that would support its application.

Plaintiff's failure to plead facts supporting a plausible assertion of joint employer liability for the corporation, LLC and a single owner are particularly important in this case because the Supreme Court has explained: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* A pleading that consists of "labels and conclusions" or "a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-679; *see also Twombly*, 550 U.S. at 555.

Here, properly pled factual allegations might show an obvious explanation for why Plaintiff was working an alleged total of 54.5 hours per week at two restaurants: Two *separate* corporate employers had hired Plaintiff for less than 40 hours per week. The Second Circuit has held that such allegations would warrant immediate dismissal. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). To state a claim, Plaintiff "must provide sufficient detail about the length and frequency of their unpaid work" at *each* place of employment in addition to facts that raise a plausible inference that these two corporations and individual were his "joint employer." *Nakahata*, 723 F.3d at 201. Otherwise, the claims must be dismissed.

**IV.   PLAINTIFF'S COMPLAINT DOES NOT ALLEGE WELL-PLEADED FACTS TO SUPPORT CLAIM THAT DEFENDANTS WERE A "SINGLE" EMPLOYER**

Plaintiff asserts an "alternative" theory" of employer liability. Paragraphs 31-33 of the Amended Complaint alleges:

> 31. In the alternative, Defendants constitute a single employer of Plaintiff Miranda.
>
> 32. Plaintiff Miranda was required to work at both of Defendants' Brick Lane Curry House locations at points in his employment with Defendants and instructed to attend both locations by the same managers to perform the same job. As further detailed infra, Plaintiff Miranda was paid the same fixed salary by the same individuals for his work at both Brick Lane Curry House locations.
>
> 33. Upon information and belief, individual defendant Satinder Sharma operates Defendant Corporations as either alter egos of himself and/or fails to operate defendant Corporations as legal entities separate and apart from himself by . . . .

7

Am. Compl. ¶¶ 31-33. While Plaintiff may be seeking to pierce the corporate veil of the two corporations based on a theory of alter ego,[6] these allegations fail to state a claim for three reasons.

*First*, the sole factual allegation is paragraph 32, but this allegation is too vague and ambiguous to be credited. Plaintiff states that at least two (and perhaps more) unnamed managers instructed him to "attend both locations." Am. Compl. ¶ 32. But this vague allegation is consistent with one manager at one location and another manager at another location. More important, Plaintiff does not name the managers or attempt to state when they instructed him to attend each restaurant (perhaps because naming those manager would clearly exculpate the one Individual Defendant in this case from joint employer liability).[7] Because it is an unspecific allegation, it is not well pled.

*Second*, the Supreme Court in *Twombly* rejected pleading by stating a legal conclusion on "information and belief." 550 U.S. 550-51. There, the complaint alleged an agreement in conclusory terms based upon "information and belief" because plaintiffs did not have any proof yet. *See id.* This did not satisfy the Federal Rules. *See id.*; *see also Report of the New York State Bar Association's Special Committee on Standards for Pleading in Federal Litigation* at 21 n.99 (2010).

---

[6] The doctrine of "piercing the corporate veil" does not constitute a basis for an independent cause of action under New York law. *See Morris v. New York State Dept. of Taxation and Finance*, 82 N.Y.2d 135, 141, 603 N.Y.S.2d 827 (1993). Plaintiff, however, has not stated in their prayer for relief that he wants the Court to pierce the corporate veil and for this reason alone this alternative theory is not viable.

[7] *See Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 01848, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (dismissing FLSA claims against defendants which plaintiffs did not allege had "any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their work hours, or maintaining employment records").

8

In fact, "information and belief" is not mentioned in the Federal Rules of Civil Procedure. At least one court has repeatedly held that "information and belief" "is not a recognized pleading device." *Delphix Corp. v. Actifo Inc.*, No. 13 Civ. 4613, at *2 (N.D. Cal. Mar. 19, 2014) (Seeborg, J.). Moreover, "in some circumstances it gives rise to an inference that the pleader lacks knowledge of underlying facts to support the allegations made, and is instead engaging in speculation to an undue degree." *Id.*; *see also* Frederick A. Brodie, *Challenging Your Beliefs About "Information and Belief,"* 21 WESTLAW J. INTELL. PROP. (Aug. 20, 2014).

*Third*, "piercing the corporate veil" requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) "such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Morris v. New York State Dept. of Taxation and Finance*, 82 N.Y.2d 135, 141 (1993). There are simply no factual allegations that allow this Court to plausibly conclude that the defendants had complete domination over one another, much that this domination "resulted in plaintiff's injury" of alleged FLSA and NYLL violations. *See James v. Loran Realty V Corp.*, 20 N.Y.3d 918, 919 (2012) (holding that because plaintiff failed to establish "that the individual defendants took steps to render the corporate defendant insolvent *in order to avoid* plaintiffs' claim for damages or otherwise defraud plaintiffs," the corporate veil could not be pierced) (emphasis added).[8]

---

[8] *See also James v. Loran Realty V Corp.*, 85 A.D.3d 619, 619-620 (1st Dept. 2011) (holding that plaintiffs failed to establish the requirements for individual liability because "they . . . failed to show that [the individual defendants'] actions were for the purpose of leaving the corporation judgment proof or that [their] actions amounted to a wrong against [the plaintiff]"); *see generally* Law360, *Top NY Court Affirms High Bar for Piercing Corporate Veil*, http://www.law360.com/articles/397410/top-ny-court-affirms-high-bar-for-piercing-corporate-veil.

To the extent that Plaintiff seeks to hold any of the three defendants liable on this "alternative" theory that the corporate veils should be pierced both horizontally (between the two corporations despite no allegations of domination by one) and vertically (between the one alleged owner and the each corporation separately), there are no factual allegations to support it and the theory may not be plausibly asserted.

## IV.   CONCLUSION

Plaintiff offers labels, conclusions and a formulaic recitation of the elements to try an establish employer liability. Courts have held that such allegations are insufficient to plausibly show that a group of defendants were the joint employers of plaintiff for purposes of the FLSA or NYLL. See *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012). Courts reject claims that "lump [multiple defendants] together as one in the allegations." *Bravo v. Eastpoint Int'l, Inc.*, No. 99 Civ. 9474, 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff has failed to allege any facts – as opposed to bald legal conclusions – with respect to the Defendants. For this reason, the claims against the Defendants should be dismissed.

Date: January 1, 2018

                                                Respectfully submitted,

                                                /s/ *Brian Lehman*
                                                Brian Lehman
                                                Lehman LG LLC
                                                244 5th Ave., Suite B258
                                                New York, NY 10001
                                                *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 1, 2018, I electronically filed the foregoing with the Clerk of the Court for the Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                                              /s/ *Brian Lehman*
                                                                             Brian Lehman